Maurice CROSSWHITE, Ronald Greer, and Debbie Ann Greer Swihart, Appellants,

v.

STATE of Indiana, Appellee.

No. 3–778A186.

Supreme Court of Indiana.

Nov. 9, 1979.

Charles A. Sweeney, South Bend, for appellants.

Theo. L. Sendak, Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

Petition to Transfer Denied.

PIVARNIK, Justice, dissenting.

I disagree with the recommendation that transfer be denied without opinion in this cause. I agree with the contentions of the State that the fact situation here is comparable to *Porter v. State*, (1979) Ind., 391 N.E.2d 801, which we decided and handed down on July 3, 1979. In the *Porter* case, the appellant expressed a willingness to make a statement and put a condition on doing so. After the prosecutor stated he would do what he could for him, he then went ahead and made the statement. We found in *Porter* that this did not amount to a promise which induced the confession, as Porter had already indicated he wished to make a confession and had himself placed this condition on his doing so.

A similar situation was presented to us in *Brown v. State*, (1979) Ind., 390 N.E.2d 1000, in which we stated:

"In the present case it is undisputed that the appellant was given full *Miranda* advisement in Salina, Kansas, and at least partial advisement while in the police vehicle en route to Indiana. At no time did appellant request counsel before being

questioned or indicate a desire to refuse to answer questions. He did not remain silent but chose to lead the police to the location of the gun. There is nothing in the record nor are there allegations in the briefs that would indicate that the officers threatened to keep appellant from seeing his wife or that they offered this privilege in order to induce his cooperation. Rather, the opportunity to see his wife was a condition which appellant himself placed on his cooperation. We think that a voluntary waiver of appellant's *Miranda* rights may be clearly inferred from his words and conduct."

It is apparent and undisputed in this case that appellant's wife was in serious physical condition. She was also charged as one of the participants in this crime and there is no inference that the charges were brought against her in any way to bring pressure against the defendant to confess to the crime for her release. As a matter of fact, the evidence shows that she was fairly and very gently treated by the police because of her physical condition.

The anxiety defendant had for his wife was not by reason of any encouragement or inducement by the police but because of the real fact that she did have a physical problem. He was concerned about this and expressed his concern many times. However, he was the one who instigated discussions with the police and suggested to them that he would do things to help her get out of trouble. Officer Yoquelet told him that there was no way he had authority to make any set, solid deal, and that the only thing he could possibly do would be to recommend that her bond be reduced so she could be released. The defendant did then go ahead and give the confession in question. He was the one who instigated the conversation, the bargain for his confession, and the conversation in which he made the confession, after the police officer told him he would do what he could about having the bond reduced, pursuant to the condition the defendant placed on giving the confession.

There was ample evidence for the trial court to find that appellant's will was not overborne by the police and that he therefore gave his confession freely and voluntarily. I would grant transfer and affirm the trial court.

GIVAN, C. J., concurs.